**In the United States District Court
for the
Western District of Texas**

| | | |
|---|---|---|
| **Kenneth R. Roby** | § | |
| | § | |
| **v.** | § | |
| | §   SA-11-CV-368-XR | |
| **Frontier Enterprises, Inc** | § | |

**ORDER**

On this day came on to be considered Defendant's motion for summary judgment (docket no. 27). The only remaining claim in this case is Plaintiff's Title VII claim of race/color discrimination. Plaintiff, proceeding pro se, appears to allege that he was "demoted" or placed on part-time status or given fewer hours due to his race and that a Hispanic employee with less tenure was given more hours to work. In his Complaint, however, he also claims that the Defendant failed to promote him.

**Summary Judgment Standard**

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). A genuine issue of material fact exists when the evidence is such that, viewing the record as a whole, a reasonable jury could return a verdict for the non-moving party. *Dediol v. Best Chevrolet, Inc*., 655 F.3d 435, 439 (5th Cir. 2011). In reviewing a summary judgment motion, the court must "refrain from making credibility determinations or weighing the evidence," and must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *Id.*; *see also Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249-52 (1986).

**Defendant's motion for summary judgment**

Defendant argues that Plaintiff failed to file a charge of discrimination within 300 days and accordingly his Title VII claims are barred by limitations. Alternatively, Defendant argues that Plaintiff fails to submit any competent summary judgment evidence that he ever sought a promotion. Defendant also seeks summary judgment on any hostile work environment or harassment claim. Plaintiff's hostile work environment/harassment claim, however, was dismissed by previous order (docket no. 13). Defendant further argues that Plaintiff's reduction of hours was based on legitimate, non-discriminatory reasons.

**Analysis**

**Limitations**

Plaintiff filed a charge of discrimination with the EEOC on October 29, 2009. In that charge he states that prior to October 25, 2008 he was a full-time employee working forty hours per week, but since that time his hours were reduced to part-time employment. He also states that non-Black employees received full-time hours.

In states like Texas where there is a state agency with the authority to grant or seek relief for discriminatory employment practices, in order to maintain a Title VII claim, a plaintiff must file a charge of discrimination with the EEOC within "three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e)(1). Defendant's timeliness defense warrants summary judgment as to all discrete acts of discrimination occurring more than 300 days before October 29, 2009. Defendant's motion is granted in part and denied in part as to this issue.

**Promotion**

Plaintiff fails to provide any competent summary judgment evidence that he sought any promotion. Defendant has submitted an affidavit from the Director of Human Resources stating that Plaintiff has never sought or requested any promotion. Defendant's motion for summary judgment on this claim is granted.

**Demotion or denial of hours**

To establish a prima facie case of race/color discrimination, the plaintiff must show that the plaintiff (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). Plaintiff Roby has alleged that he is a member of a protected group (African American), was hired (and thus presumably qualified) for the position of full-time busser (based on time-sheets attached to the complaint), was demoted to part-time work, and other employees outside his protected group received more hours.

Under the first step of the *McDonnell Douglas* framework, the plaintiff must establish a prima facie case. After the plaintiff establishes a prima facie case, the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for the action. Finally, if the employer meets that burden, the plaintiff must establish that the stated reason for the action was in fact pretext. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Jackson v. Watkins*, 619 F.3d 463, 466 (5th Cir. 2010).

In this case the Defendant states that Plaintiff's hours were reduced because of his performance. Defendant also states that other African-American employees working at the same

store have not had their work hours reduced. Plaintiff has not filed any response to the motion for summary judgment and accordingly fails to establish pretext. Defendant's motion for summary judgment on this claim is granted.

## Conclusion

Defendant's motion for summary judgment (docket no. 27) is granted. Accordingly, Plaintiff's Title VII claim is dismissed. The Clerk is instructed to issue a Judgment that Plaintiff take nothing, and costs are awarded to Defendant should it desire to pursue same.

It is so ORDERED.

SIGNED this 19th day of September, 2012.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE